## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

FRANK FURFARO,

      Plaintiff,

v.                                  Case No:  5:15-cv-615-Oc-30PRL

ALFONSO AGUILERA and 21ST
CENTURY CENTENNIAL
INSURANCE COMPANY,

      Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (Doc. 5), Defendant 21st Century Centennial Insurance Company's ("21st Century") response in opposition (Doc. 9), and Plaintiff's reply (Doc. 13).  The Court, having reviewed the motion, response, and reply, and being otherwise fully advised in the premises, concludes that the motion should be denied.

## BACKGROUND

On May 21, 2014, Plaintiff was involved in an automobile accident with Alphonso Aguilera in which he sustained physical injuries.  Mr. Aguilera did not have bodily injury liability insurance coverage.  Consequently, Plaintiff initiated this action in the Fifth Judicial Circuit in and for Lake County, Florida, against his insurer 21st Century alleging claims under Florida law for (1) uninsured/underinsured motorist ("UM") benefits, (2) bad faith, and (3) declaratory relief.  (Doc. 1).  21st Century was served with the complaint on November 9, 2015.  (Doc. 1).

On December 8, 2015, 21st Century removed the case to this Court on the basis of diversity jurisdiction and filed a motion to dismiss Plaintiff's claims for bad faith and declaratory judgment. (Docs. 1, 2). Plaintiff filed an amended complaint the next day, removing his claims for bad faith and declaratory judgment but asserting a claim against Mr. Aguilera for negligence. Plaintiff also filed the present motion to remand, arguing that because Mr. Aguilera was added as a defendant and is a resident of Florida, complete diversity no longer exists between the parties. (Doc. 5).

## DISCUSSION

### 1.    The Applicable Law

21st Century removed this case on the basis of diversity of citizenship. In order to establish diversity jurisdiction at the time of removal, 21st Century must demonstrate (1) complete diversity of citizenship, and (2) an amount in controversy greater than $75,000 *See* 28 U.S.C. § 1332(a). Complete diversity does not exist if a single plaintiff is a citizen of the same state as a single defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). At issue in the present case is whether Plaintiff should be permitted to amend his complaint post-removal to assert a negligence claim against Mr. Aguilera which would defeat diversity jurisdiction.

Amendment of a complaint post-removal is analyzed under 28 U.S.C. § 1447(e).[1] *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). Under § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy

---

[1]The Court recognizes that pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff was permitted to amend his complaint as a matter of right without leave of court. However, since the amendment occurred after removal and involves the addition of a party that would defeat diversity jurisdiction the Court analyzes the amendment pursuant to § 1447(e). Notably, Plaintiff advocates for application of the § 1447(e) standard in his reply.

subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Eleventh Circuit has held that a district court has only two options: (1) deny the requested joinder, or (2) allow the joinder and remand the case to state court. *See Ingram*, 146 F.3d at 862. Thus, the issue of whether to allow the joinder of a non-diverse party defendant post-removal "is left to the discretion of the district court." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

"In exercising discretion to deny joinder, or to permit joinder and remand the case to state court, § 1447(e) requires an evaluation of the prejudice to the parties." *Mehta v. N.Y. Life Ins. Co.*, No. 8:09-cv-59-T-33TGW, 2009 WL 2252270, at *3 (M.D. Fla. July 28, 2009). To evaluate the prejudice to the parties, the district court should consider the following factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Id.* (citing *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. 1987)).

The district court should also analyze whether the joinder of the non-diverse party is fraudulent. *See Bechtelheimer v. Cont'l Airlines, Inc.*, 776 F. Supp. 2d 1319, 1321 (M.D. Fla. 2011) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.")). Among other reasons, joinder may be deemed fraudulent "when there is no possibility the plaintiff can prove a cause of action against the

non-diverse defendant." *In re Accutane Prods. Liability*, No. 8:04-MD-2523-T-30TBM, 2012 WL 3194951, at *2 (M.D. Fla. July 31, 2012) (citing *Triggs*, 154 F.3d at 1287).

In evaluating whether the plaintiff can prove the cause of action against the non-diverse defendant, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as recognized in Wilson v. Gen. Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287.

## 2.     Analysis

21st Century asserts that Mr. Aguilera was fraudulently joined because it is dubious whether Plaintiff will collect against him because he did not have bodily injury liability insurance coverage at the time of the accident.  According to 21st Century, because Plaintiff will not likely be able to recover damages against Mr. Aguilera, Plaintiff cannot prove its negligence claim against Mr. Aguilera.  However, to succeed on a claim for negligence, Plaintiff need not demonstrate that he will ultimately recover from Mr. Aguilera.  Plaintiff is entitled to assert a claim of negligence against Mr. Aguilera.  More important, a possibility exists that Plaintiff can prove a claim of negligence against Mr. Aguilera.  Therefore, 21st Century's contention that Mr. Aguilera was fraudulently joined is without merit.

Because Mr. Aguilera was added after the case was removed, however, the Court also considers whether joinder of Mr. Aguilera was appropriate under § 1447(e) by examining "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Mehta*, 2009 WL 2252270, at *3.

First, in considering whether the purpose of the amendment is to defeat jurisdiction, the Court notes the timing of Plaintiff's amendment. 21st Century was served with the original complaint on November 9, 2015, and did not remove until December 8, 2015. During that month-long period, Plaintiff did not seek to add a claim against Mr. Aguilera despite being aware of the facts giving rise to the negligence claim against him from the inception of this case. It was not until the case was removed that Plaintiff decided to amend his complaint to assert this claim against Mr. Aguilera. This factor weighs against permitting the joinder of Mr. Aguilera. *See Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1357 (S.D. Fla. 2013) (noting that the "joining of "non-diverse defendant immediately after removal but before discovery . . . suggests that the amendment is done with specific purpose of destroying diversity jurisdiction" (internal quotation marks omitted).

Second, as to whether Plaintiff has been dilatory in seeking amendment, Plaintiff was aware of this claim against Mr. Aguilera since the accident occurred and prior to the filing of his complaint. Plaintiff asserts that although he was aware of his potential negligence claim against Mr. Aguilera when this action was commenced, he did not

originally add the claim against Mr. Aguilera for strategic reasons.  But since Plaintiff knew about the potential claim against Mr. Aguilera from the inception of this suit and chose not to assert that claim against him, this factor weighs against permitting the joinder.

Third, if the Court does not permit Plaintiff to join Mr. Aguilera in this action, Plaintiff will have to file a separate state-court action against Mr. Aguilera if he wishes to proceed with his negligence claim.  Although the tortfeasor is not an indispensable party in a UM claim under Florida law, the tortfeasor may be joined in such a claim.  *See Young v. Dharamdass*, 695 So. 2d 828, 829 (Fla. 4th DCA 1997).  Not only is Plaintiff permitted to join the tortfeasor in this lawsuit, dual law suits are more costly, less efficient, and subject the parties to the potential of inconsistent outcomes.  For example, the claim for UM benefits *may* turn upon an evaluation of Mr. Aguilera's negligence, which would be the same question at issue in the negligence claim.  *See Mobley v. Allstate Ins. Co.*, 276 So. 2d 495, 496 (Fla. 2d DCA 1973) (concluding that UM insurance "effectively substitutes the insured's carrier for the negligent uninsured motorist[ and, i]f that motorist is liable, there is coverage under the [policy]").  This factor weighs in favor of permitting Mr. Aguilera's joinder.

Having considered the equities of the case, the Court concludes that Plaintiff should not be permitted to add a negligence claim against Mr. Aguilera.  The timing of Plaintiff's amendment, in light of Plaintiff's awareness of Mr. Aguilera's involvement since the beginning, is strongly indicative that Plaintiff added the claim against Mr. Aguilera for the purpose of defeating diversity jurisdiction.  Although the Court recognizes that it would be more efficient for Plaintiff to litigate his negligence claim along with the UM claim,

Plaintiff will not be unduly prejudiced because he may elect to pursue his claim against Mr. Aguilera in state court if he believes it worthwhile.  Moreover, beyond Mr. Aguilera's negligence—which 21st Century might not contest—the Court can envision scenarios in which the negligence claim against Mr. Aguilera does not share facts with the UM claim against 21st Century.  Plaintiff has not presented any facts to show that the claims are so closely related that separate litigation of the claims would result in inconsistent verdicts.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Motion for Remand (Doc. 5) is DENIED.

2.      Defendant 21st Century's Motion to Dismiss Counts II and III of the Complaint is DENIED (Doc. 2) as moot in light of the amended complaint (Doc. 4).

3.      The negligence claim (Count I) of Plaintiff's amended complaint (Doc. 4) is DISMISSED.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of February, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record